Walker v. State 

















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-006-CR

     EARNEST RAY WALKER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 24,211
                                                                                                    

DISSENTING OPINION
                                                                                                    

      The central issue in deciding Walker's Batson point is: After the complaining party has made
a prima facie case of discrimination in the exercise of peremptory strikes, who bears the burden
of showing that the striking party's race-neutral reasons were or were not pretextual? In other
words, understanding that a prima facie case of discrimination has been made, will we require that
the party who exercised the strikes develop a record that supports the court's ruling that its
explanations were race neutral or will we require that the complaining party develop a record that
shows that the strikes were in fact discriminatory. Because I believe that Emerson v. State has
already answered that question, I respectfully dissent. Emerson v. State 851 S.W.2d 269 (Tex.
Crim. App. 1993).
      The majority, after finding that Walker made a prima facie case of discrimination, relies on
Vargas v. State to hold that nothing in the record suggests that the prosecutor's explanations for
his strikes were pretextual. See Vargas v. State, 838 S.W.2d 552 (Tex. Crim. App. 1992). 
Emerson, decided by a unanimous Court after Vargas, dictates a contrary result. See Emerson,
851 S.W.2d at 273-74.
      After a party gives non-discriminatory reasons for striking prospective minority jurors from
the venire, the trial judge must "determine whether these facially neutral explanations are
contrived to avoid admitting acts of discrimination." Id. at 273. "The trial judge may not,
however, merely accept the specific reasons given by the prosecutor at face value." Id.
      Although involving a claim of disparate treatment that the Court upheld, Emerson also
involved a prosecutor's failure to question a prospective juror about characteristics that he claimed
that the juror, as a member of a group, possessed. Id. The Court held that, without specific
questions having been directed to the panel or to the individual juror showing that the juror in
question (an unemployed college teaching assistant) possessed the characteristic (being a liberal)
attributed to the group, the record being otherwise silent, the explanations were "insufficient as
a matter of law to rebut appellant's prima facie showing of racial discrimination in the jury
selection process." Id. at 274.
      Here, the prosecutor did not ask either Beasley or Hall any question designed to justify his
claim that either of them, being "obese," would "tend to be more lenient on punishment." Thus,
he did not show that the trait that he ascribed to "obese" persons applied to either juror. Nor did
he ask any question of either juror that would support his striking them because both had relatives
that his office had prosecuted. The record is silent about the identities of the relatives, the crimes
for which they were prosecuted, the degree of relationship between the jurors and those relations,
the nature of their personal relationship, or the outcome of the prosecutions. Thus, the prosecutor
did not establish that either juror possessed any trait or had any feeling, arising out of the
prosecution of a relative, that would justify his explanation that he struck them because they were
relatives of persons accused of crimes.
      In short, the State "applied a group bias without inquiring whether it applied to [Beasley or
Hall] specifically." See id. Because neither was shown to have the characteristics ascribed, the
trial court's action in holding that the State rebutted the prima facie case is not supported by the
record, cannot be accorded deference, and is therefore clear error. See id.; Vargas, 838 S.W.2d
at 554 (adopting the "clear error standard of review").
      Emerson does not dictate that the reasons given by the prosecutor for its strikes against
Beasley and Hall would, under all circumstances, be pretextual. It does say that the trial court's
decision must be based on information in the record; otherwise, the record does not support the
finding. Fairly read, it requires that the party attempting to explain the challenged strikes bears
the burden of seeing that the record is sufficient to support its explanations for those strikes. 
Emerson 851 S.W.2d at 273. It does not, to my mind, place the burden of refuting unsupported
explanations on the complaining party, who has already made a prima facie showing of
discrimination.
      The discriminatory strike of even one prospective juror invalidates the entire jury selection
process. Id. at 274. Because the State did not develop a record sufficient to support its race-neutral reasons for striking Beasley and Hall, I would reverse the judgment and remand the cause
for a new trial.



 
                                                                                 BILL VANCE
                                                                                 Justice

Opinion delivered and filed July 28, 1993
Do not publish Released for publication August 18, 1993. See Tex. R. app. P. 90(c).